# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:07 CV 3817** |
| ) | **(1:06 CR 92)** |
| **Respondent,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **JOSEPH BOOSE,** ) | |
| ) | |
| **Petitioner.** ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Docket #1.) For the reasons set forth below, Petitioner's Motion is DISMISSED.

## Factual and Procedural Background

On November 6, 2006, Petitioner pleaded guilty to a four count indictment charging him with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).  On December 5, 2006, pursuant to a plea agreement, Petitioner was sentenced to a sentence of 235 months incarceration, five years of supervised release, and a four hundred dollar special assessment.

On March 6, 2008, Petitioner filed his Motion pursuant to 28 U.S.C. § 2255, alleging the following:

> Ground 1: The Court lacked jurisdiction because 18 U.S.C. § 3231 is unconstitutional, and cocaine base is not a narcotic drug;
>
> Ground II: Prosecutorial misconduct arose because the U.S. Attorney should have known of the jurisdictional and statutory deficiencies;
>
> Ground III: Ineffective assistance of counsel resulted from counsel failing to (1) adequately investigate the law and facts of the case, (2) inform the petitioner of the relevant law, (3) make sure the petitioner entered his plea knowingly and voluntarily, (4) make sure the petitioner's waiver was knowing, and (5) make the appropriate objections at sentencing.

On April 23, 2008, the Government filed its Response in Opposition to Petitioner's Motion. (Docket #6.) The Government asks this Court to dismiss Petitioner's Motion.

First, the Government states that 18 U.S.C. § 3231 is constitutional and, therefore, the Court properly exercised jurisdiction and there was no resulting prosecutorial misconduct. Petitioner contends that this Court lacked subject matter jurisdiction since the indictment did not allege that the offenses he was indicted for occurred on property owned by or ceded to the United States. The Government draws the distinction between the Federal enclave statues and Federal criminal laws of general applicability. 21 U.S.C. §§ 841(a)(1) is a Federal criminal law of general applicability and applies to the offenses in question, regardless of whether the crimes occurred on lands owned by or ceded to the United States.

Second, the Government asserts that cocaine base is a narcotic drug and, therefore, jurisdiction properly rested with the Court and there was no resulting prosecutorial misconduct. Petitioner claims that cocaine base ("crack") does not meet the statutory requirements of 21 U.S.C. § 812(b)(2). In his Motion, Petitioner refers to "crack," although he specifically pleaded guilty to possession of 50 or more grams of cocaine base. "Crack cocaine" is defined by the United States Sentencing Guidelines as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate and usually appearing in

-2-

a lumpy, rocklike form." U.S. Sentencing Guidelines § 2D1.1(c), Note (D). Petitioner claims that "crack" does not a have a "currently accepted medical use" and, therefore, does not meet the statutory requirements of 21 U.S.C. § 812(b)(2)(B), listing controlled substances.

The Government states that 21 U.S.C. § 812(c) specifically lists "cocaine, its salts, optical and geometric isomers, and salts of its isomers. . ." as falling within Schedule II. Several courts have addressed this issue, finding that because cocaine base or "crack" is a derivative or product of coca leaves, it fits within the general definition of "controlled substance." (Response in Opposition at p. 9 (quoting *U.S. v. Ford*, 994 F. Supp. 441 (D. D.C. 1998); *U.S. v. Manzueta*, 167 F.3d 92 (3d Cir. 1999).) Therefore, because "crack" and cocaine base are derivatives of cocaine, they are statutorily controlled substances under Schedule II of 21 U.S.C. § 812(c).

Third, the Government argues that defense Counsel was not ineffective for failing to argue that cocaine base is not a narcotic drug because cocaine base is, in fact, a narcotic drug.

Fourth, the Government argues that Petitioner's plea was made knowingly and voluntarily and that Petitioner's failure to articulate any recognized exceptions to the prohibition against seeking collateral review of guilty pleas renders his claim meritless.

Fifth, the Government argues that Petitioner has failed to establish that Counsel's performance was constitutionally ineffective or that he was prejudiced. The Government outlines the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), asserting that Petitioner has failed to provide evidence that Counsel's representation fell below an objective standard of reasonableness. In cases where the defendant entered a plea of guilty, the reviewing court must examine if, but for counsel's ineffectiveness, the defendants would not have entered a plea of guilt. (Brief in Opposition at p. 14 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *McAdoo v. Elo*, 365 F.3d 487, 499 (6th Cir. 2004)).) The Government argues that

Counsel was effective in discovering all relevant evidence and that Petitioner's broad, unsupported assertions that his attorney failed to investigate what he alleges are flaws in the character of the Government's confidential informant are insufficient to support his claim. Further, the Government argues that Petitioner has failed to make any showing that had such an investigation taken place, the result would outweigh the evidence against him.  In addition, the Government restates that cocaine base is a narcotic drug and any argument that Counsel was ineffective for failing to investigate the omission of cocaine base on any proscribed schedule is meritless.

Finally, the Government asserts that defense Counsel effectively represented Petitioner at the sentencing hearing, noting that Petitioner has not offered any argument or claim supporting this assertion and cannot demonstrate any prejudice as a result of Counsel's performance.  The Government notes that it consented to file only one enhancement under 21 U.S.C. § 851, although the penalty was a mandatory minimum of twenty years incarceration, and the Petitioner received under twenty years.  However, had the Government filed both enhancements available to it, his minimum term of incarceration would have been life.  Further, based on defense Counsel's arguments, Petitioner received only 235 months incarceration, as opposed to 360 months he could have been given as a career offender, or the 240 month mandatory minimum under 21 U.S.C. § 851.  The Government argues that given the penalties Petitioner faced, Counsel's effectiveness is evident in that Petitioner received a sentence at the low end of the guideline range.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion, including the Briefs submitted by the Parties. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

### A. 18 U.S.C. § 3231 is Constitutional and the Court Had Subject Matter Jurisdiction.

As thoroughly discussed by the Government, Petitioner's claim relative to the constitutionality of 18 U.S.C. § 3231 is misplaced. Petitioner pleaded guilty to a four count indictment charging him with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Section 841(a)(1) is a federal criminal law of general applicability. The Court has subject matter jurisdiction regardless of whether the crimes for which Petitioner was indicted occurred on lands owned by or ceded to the United States. Petitioner confuses the Federal enclave statutes with criminal laws of general applicability. Accordingly, this argument is without merit.

### B. Cocaine Base ("Crack") is a Controlled Substance.

The United States Sentencing Guidelines define crack cocaine as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate and usually appearing in a lumpy, rocklike form." U.S. Sentencing Guidelines at § 2D1.1(c), Note (D). 21 U.S.C. § 812(c) lists "cocaine, its salts, optical and geometric isomers, and salts of its isomers . ." as a schedule II controlled substance. "Cocaine base, one version of which is commonly referred to as 'crack,' is a derivative or product of coca leaves, and thus, it

-5-

fits within the general definition of 'controlled substance,' distribution of which is prohibited." *U.S. v. Ford*, 994 f. Supp. 441 (D.D.C. 1998).  Cocaine base falls within the statutory definition of cocaine.  *U.S. v. Manzueta*, 167 F.3d 92 (3rd Cir. 1999).  Cocaine base ("crack") is a controlled substance.  Accordingly, Petitioner's argument is without merit.

Further, any claim that Counsel was ineffective for failure to argue that cocaine base is not a narcotic drug fails, as cocaine base is a narcotic drug.

### C. Petitioner's Plea Was Made Knowingly and Voluntarily.

Collateral attacks on guilty pleas are limited to instances in which a petitioner asserts that his plea was not made knowingly and voluntary, or asserts that Counsel was incompetent in its representation.  Petitioner argues that his plea was not entered knowingly and voluntarily.  However, he fails to offer any evidence to support this claim.  Petitioner argues that cocaine base is not a Schedule II narcotic, and that had he known he would never have entered a guilty plea.  As discussed above, cocaine base is a narcotic.  Therefore, Petitioner's argument is without merit.

### D. Ineffective Assistance of Counsel.

Even if not otherwise precluded from asserting his ineffective assistance of counsel claim, Petitioner has provided no factual basis to support his claim of ineffective assistance of counsel.    In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant

> makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, Paragraph a of syllabus (1985).

There is absolutely no evidence supporting Petitioner's claim that Counsel was ineffective. Counsel for Petitioner may exercise professional judgment with respect to the viability of certain defenses and evidentiary matters. Petitioner speculates that the source of information used against him may have been unreliable, but offers no support for this assertion. There is no evidence that had additional investigation been performed, the outcome of this case would have been different, or that additional investigation would have helped Petitioner to overcome the overwhelming amount of evidence against him. Petitioner has offered no evidence that he was prejudiced by the performance of defense Counsel.

Further, relative to his argument that Counsel was ineffective at sentencing, Petitioner again fails to offer any evidence to support this claim. As discussed in the Government's Response, as part of the Plea Agreement, the Government consented to file only one

enhancement under 21 U.S.C. § 851.  Petitioner would have faced more serious penalties had the Government filed both of the applicable enhancements.  Further, as a result of defense Counsel's arguments, Defendant's sentence was reduced.

Based on the foregoing, the Court finds Plaintiff has failed to substantiate his claims of ineffective assistance of counsel.

### Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #1) is DISMISSED.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

        s/Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED: June 16, 2008